**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SERGIO VEGA MALDONADO,

> Petitioner,

v.                                                    CASE NO:  8:05-CV-533-T-30EAJ
                                                              8:03-CR-231-T-30EAJ
UNITED STATES OF AMERICA,

> Respondent.

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's timely Motion to Vacate Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § §2255 (CV Dkt. 1-2) and the United State's Response (CV Dkt. 8).  Upon review of the briefs of the underlying criminal proceedings this Court determines that the motion to vacate should be denied.

### Background

Petitioner, Sergio Vega Maldonado (hereinafter "Maldonado" or "Petitioner") pleaded guilty, pursuant to a plea agreement and sentence appeal waiver, to conspiracy to possess five kilograms or more of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii) and 846.   On March 5, 2004, this Court sentenced Petitioner to seventy months' imprisonment and four years of supervised release. (CR. Dkt. 138).  Judgement was entered on March 10, 2004 by this Court, and Petitioner did not file a direct appeal. (CR. Dkt. 141).

Petitioner filed this Motion to Vacate Sentence pursuant to 28 U.S.C. § §2255 on March 21, 2005 requesting that his sentence be vacated on the following grounds:

**GROUND 1:** Petitioner alleges that his Fifth and Sixth Amendment rights were violated when he was sentenced to more than the statutory maximum for matters which were not proven or admitted before a grand jury based on the Supreme Court's decision in U.S. v. Booker.

**GROUND 2:**   Petitioner alleges that the district court abused its discretion when using minor traffic tickets to calculate Petitioner's criminal history points, based on the Supreme Court's ruling on the calculation of criminal history in Blakely v. Washington.

**GROUND 3:**   Petitioner alleges that the district court abused its discretion by denying a downward departure for Petitioner as a minor participant role.

**GROUND 4:** Counsel was ineffective for failing to object to the offense level of 28, when the indictment and plea were for at least 500 g, but less than 2 kg which is an offense level of 26.

(CV Dkt. 1 at pp. 4-8; CV Dkt. 2 at pp. 13-23).  For the reasons set forth below, the Court finds that Petitioner is not entitled to the relief he seeks.

## Discussion

Title 28 U.S.C. § §2255 provides, in pertinent part, that,

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § §2255 (2006).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  This law amended 28 U.S.C. § §2255 by adding the following provisions:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1)   the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § §2255 (2006).

The one-year limitations period applicable to Petitioner's § §2255 motion commenced upon the expiration of the ten day period for filing a direct appeal to the Eleventh Circuit Court of Appeals.  Petitioner had ten days after this Court entered judgment on March 10, 2004, to file an appeal, to wit: March 24, 2004.   Therefore, Petitioner had until March 24, 2005 to file his § §2255 motion.  Petitioner filed his 28 U.S.C. § §2255 motion on March 21, 2005, within the one-year deadline.

Applying the rules set out in AEDPA to Petitioner's motion, this Court finds the motion is timely, however, for the reasons set forth below, the Court finds that Petitioner is not entitled to the relief he seeks.

## Grounds One, Two, Three and Four

Petitioner claims that his sentence must be vacated and the case remanded for re-sentencing according to the United States Supreme Court's decision in Blakely v. Washington and United States v. Booker.   United States v. Booker, 543 U.S. 220, 233 (2005);  Blakely v. Washington, 543 U.S. 296, 313 (2004).   Because all of Petitioner's claims are premised on Booker and Blakely, these claims will be addressed together.  The Supreme Court's decision in Blakely is not applicable to Petitioner, Blakely, specifically addresses state sentencing guidelines and is not applicable to federal sentencing guidelines. Id. However, in 2005, the United States Supreme Court decided United States v. Booker, which found that the federal sentencing guidelines were discretionary rather than mandatory after excising certain limited portions. Booker, 543 U.S. at 233.

The Eleventh Circuit has determined that the Booker holding does not apply retroactively and the holding only applies to cases that were pending when Booker was decided on January 12, 2005.  Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2006).  The decision in Booker does not apply to Petitioner's sentence because Petitioner's case was not pending after March 10, 2004.  Therefore Petitioner is not entitled to relief on his Blakely or Booker claims.

Even if Petitioner was entitled to review under Booker or Blakely, Petitioner's claims would be denied because Petitioner has waived his right to appeal his sentence, except under limited circumstances, pursuant to the sentence appeal

waiver in the plea agreement he signed on July 16, 2003, and was entered on July 21, 2003. (CR Dkt. 54 at p. 10).

The Eleventh Circuit has held that an appeal waiver with language identical to that agreed to by Petitioner was broad enough to include a <u>Booker/Blakely</u> claim. <u>Williams v. United States</u>, 396 F.3d 1340, 1341 (11th Cir. 2005). Further, the court found that none of the listed exceptions to the wavier applied. <u>U.S. v. Grinard-Henry</u>, 399 F.3d 1294 (11th Cir. 2005). The right to appeal is statutory and can be waived knowingly and voluntarily. A defendant's waiver of the right to appeal "directly or collaterally" includes both a direct appeal and a collateral attack in a § §2255 proceeding. <u>Williams</u>, 396 F.3d at 1341. This Court will enforce a sentence appeal waiver if the government establishes either that this Court specifically questioned the defendant about the waiver during the Fed. R. Crim. P. 11 plea colloquy or that the record clearly shows that the defendant otherwise understood the full significance of the waiver. <u>Id.</u> at 1342.

According to the record in this case, Petitioner expressly waived his right to appeal his sentence, "directly or collaterally, on any ground ... except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines. . ." (CR Dkt. 54 at p. 10). At Petitioner's plea hearing the judge questioned Petitioner about the waiver in accordance with the Fed. R. Crim. P. 11 plea colloquy:

> THE COURT: And do you understand that the waiver means not only that you
> cannot appeal your sentence on any other issue than those specified in the

paragraph, but you also cannot challenge your decision – excuse me – challenge your sentence by means of something other than an appeal, for example, a motion for post conviction relief?

THE DEFENDANT: Yes.

THE COURT: And just to make sure, do you make the waiver of appeal knowingly?

THE DEFENDANT: Yes.

THE COURT: And do you make it voluntarily?

THE DEFENDANT: Yes.

(CR Dkt. 151, at pp. 15-16.)

Petitioner confirmed that he understood the waiver, and he knowingly and voluntarily waived his right to appeal his sentence for any issue other than an upward departure. <u>See</u> (CR Dkt.151 at pp. 13-15). Because Petitioner's appeal waiver includes a waiver of <u>Booker/Blakely</u> grounds in direct appeals and § §2255 proceedings, the <u>Booker/Blakely</u> claims raised by Petitioner in this § §2255 motion have been waived and will be denied.

Petitioner does not qualify for appeal of his sentence based on upward departure, a sentence above the statutory maximum, or in violation of the law apart from the sentencing guidelines. According to the Sentencing Report and the plea agreement, Petitioner was charged and pled to carrying 3 kilograms of cocaine. (CR Dkt. 54 at pp. 12-13). The base offense level for 2 kilograms, but less than 3.5 kilograms of cocaine is 28. The government reduced his offense level by one point for his assistance and cooperation, and the judge additionally reduced the offense

level by applying his 2 discretionary points.  Therefore, Petitioner received a total of 3 points off of the base offense level, reducing his total offense level to 25. Petitioner was sentenced at the low end of the offense level range, which allowed for a sentence between 70 and 87 months.  Therefore, Petitioner has no claim for appeal based on an upward departure from the sentencing guidelines.

Grounds one, two, three, and four will be denied.

## Ineffective Assistance of Counsel

Petitioner's motion alleges that defense counsel was ineffective for failing to advise Petitioner fully of the consequences of a plea agreement, and for failing to file a direct appeal as directed by Petitioner.  Petitioner is unable to show deficient performance.

To establish a prima facie claim for ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Deficient performance is defined in Strickland as performance which is objectively unreasonable under prevailing professional norms. Id. at 688.  The deficient performance must also be shown to prejudice the defense.  Prejudice results when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.  at 694.

Petitioner is contradicted by the record.  According to the Change of Plea Hearing transcript, Petitioner was advised that the plea agreement waived

Petitioner's right to appeal his sentence, excluding an appeal based on an upward departure. (CR Dkt. 151 at pp. 15-16).  Petitioner's responses at the sentencing hearing indicate that he knowingly and voluntarily made the plea after discussing the plea with his attorney. (CR Dkt. 151, at pp. 9-11).  As a precaution, the judge also informed Petitioner, at the plea hearing, that his plea waived his Sixth Amendment Rights. (CR Dkt. 151 at pp. 21-22).  The record shows that the judge explained and read the plea agreement to Petitioner, therefore, Petitioner cannot claim that he suffered prejudice because he was not informed of the consequences of signing the plea agreement.

Petitioner was granted an evidentiary hearing regarding his allegation that defense counsel was ineffective when counsel failed to file a direct appeal after directed to appeal by Petitioner.  After hearing testimony, the Court made a finding of fact that Petitioner had not asked his attorney to file an appeal.  The Court denied Petitioner's claim.

Petitioner's ineffective assistance of counsel claims will be denied.

## CONCLUSION

Having reviewed the record, applicable statutes, and controlling case law in the Eleventh Circuit, the court finds Petitioner has not met the criteria for relief under 28 U.S.C. § §2255.

ACCORDINGLY, the Court **ORDERS** that:

1.    Petitioner's Motion to Vacate, Set Aside, or Correct an allegedly illegal sentence (Case No. 8:05-CV-533-T-30EAJ, CV Dkt. 1) is **DENIED.**

2.    The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 14, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2005\05-cv-533.deny 2255.wpd